DAISY GRAY STEWART *v.* JAMES B. WHEATLEY
[No. 38, October Term, 1943.]

*Decided December 15, 1943.*

The cause was argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, GRASON, MELVIN, ADAMS, and BAILEY, JJ.

*H. Richard Smalkin* and *Moses Cohen* submitted on brief for the appellant.

No appearance and no brief for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

At a tax sale held in Towson on September 9, 1941, Thomas C. Hunter, Treasurer of Baltimore County, sold a lot improved with a frame house situated on Hillen Road, assessed against Redmond Gray, deceased, to James B. Wheatley for $47. On August 7, 1942, Daisy Gray Stewart, of Philadelphia, having an interest as heir at law in the property, filed a petition in the Circuit Court for Baltimore County alleging that she had ten-

dered $90.64 to the purchaser in payment of the purchase price and interest thereon in order to redeem the lot, and praying that the purchaser be ordered to accept that amount. The purchaser testified that he had spent $449.85 for repairs necessary to make the house rentable. The chancellor held that the petitioner was not entitled to redeem the property unless she tendered the additional sum of $203.85, constituting the value of the improvements less the rent collected. From a decree dismissing the petition, the heir brings this appeal.

The power of a tax collector to sell property for non-payment of taxes is a special statutory power exercised in an *ex parte* proceeding, which divests the owner of his property without his consent, and possibly without his actual knowledge. *Steuart v. Meyer*, 54 Md. 454, 466. The sale itself, however, does not operate as a final and irrevocable divestiture of the owner's title. The State always tries to avoid the forfeiture of property due to the owner's neglect or his inability to pay his taxes promptly, and so the law gives him a final opportunity to save his property by redeeming it from the sale in the manner prescribed by the statute, thereby according him all the liberality consistent with justice to others and a proper regard for the interests of the public. Prior to 1941 an owner of property sold at a tax sale in Baltimore County was allowed the right to redeem it at any time within two years by repaying to the purchaser the amount prescribed by the statute. Code P. L. L., 1930 Ed., Art. 3, Sec. 161. In 1941 the Legislature amended the law by providing that the owner may redeem within one year from date of sale. Laws 1941, Chap. 161. It is an established rule that a statute authorizing the redemption of property from a tax sale should be construed liberally and generously in favor of the redemptioner to effectuate, if possible, the desire of the State to prevent a forfeiture, and should not be applied with any greater narrowness or severity than the terms of the statute absolutely require, especially when the time allowed for redemption is short, and a

penalty is imposed upon the redemptioner and ample indemnity given to the purchaser. Accordingly, when a statute provides that land sold for taxes may be redeemed by the owner, it is within the letter and spirit of the law to hold that a person having any interest in the land is an "owner" for the purpose of redemption. Any right which amounts in law or in equity to ownership of all or any part of the land, or any right of possession which can be deemed an estate therein, makes the person an "owner" in so far as it is necessary to give him the right to redeem, for it is inconceivable that the Legislature intended to deny the privilege of redemption to an owner's heirs, who succeed to whatever rights he had in the land. Since it appears from the evidence in this case that appellant has an interest in the real estate, she is entitled to redeem it in accordance with the terms of the statute. *Curl v. Watson,* 25 Iowa 35, 95 Am. Dec. 763; *Dubois v. Hepburn,* 10 Pet. 1, 9 L. Ed. 325, 332; *Corbett v. Nutt,* 10 Wall. 464, 20 L. Ed. 976, 979; 2 *Blackwell on Tax Titles,* 5th Ed., Secs. 704-707; *Rich v. Braxton,* 158 U. S. 375, 15 S. Ct. 1006, 1016, 39 L. Ed. 1022.

In some jurisdictions the original procedure is followed whereby a deed is delivered to the purchaser directly after the tax sale and accordingly title passes forthwith, subject to defeasance in case the owner exercises his right of redemption; but if the owner fails to redeem within the time allowed, then the purchaser's title becomes absolute by operation of the statute without any further proceeding to establish it. Under the local law of Baltimore County, however, a purchaser of land at a tax sale acquires only a lien which ripens into a title through the process of foreclosure by judicial proceedings, and he is unable to obtain a deed for the land until after the expiration of the period of redemption and all requirements of the law have been complied with. In a number of States, the Legislature has enacted the Occupying Claimant's Act, under which a purchaser at a valid tax sale may take possession of the property and make improvements thereon during the

period of redemption, and if he holds a certificate of sale acknowledged by the County Treasurer, which may be recorded as an instrument of title, he can demand from the redemptioner not only the amount paid for the property with interest, but also the value of the improvements. While it is conceded that such a title is not complete enough to constitute the holder of the certificate an owner, nevertheless his possession is rightful to the extent that he cannot be evicted until he is reimbursed for his improvements. This Act was regarded as salutary by the Supreme Court of Kansas, not only because it prevented injustice to the purchasers at tax sales, but also because of the wise public policy of encouraging improvement of real estate, and thereby increasing the public revenues and promoting the general welfare of the State. *Ross v. Kelson,* 79 Kan. 105, 98 P. 772. But the local law empowering the Treasurer of Baltimore County to sell real estate for non-payment of taxes contains no provision for compensation for improvements made by the purchaser during the period of redemption. This statute, under which the tax sale was held in this case, expressly provides that the landowner may redeem his land by repaying to the purchaser "the amount paid by him, with interest thereon, at the rate of ten per centum * * * from the day of sale, and the costs of recording the deed from the Treasurer." Acts of 1941, Chap. 161. The Revenue and Tax Law of the State of Maryland also provides that in every case of sale of real estate for non-payment of taxes the owner or other person having an interest in the property prior to the sale may redeem it at any time within one year after the sale by repaying to the purchaser the amount paid by him with interest at 10 per cent. The statute explicitly declares that the purchaser's interest in the property shall thenceforth cease and he shall reconvey it to the proper party, and the court which ratified the sale shall have power to require the purchaser to execute such deed or reconveyance. Code, 1939, Art. 81, Sec. 82.

The basic rule was laid down by Chief Justice Marshall in *Thatcher v. Powell,* 6 Wheat. 119, 127, 5 L. Ed.

221, 223, that in summary proceedings, where the court exercises an extraordinary power under a special statute prescribing its course, that course ought to be exactly observed. The power to sell land for non-payment of taxes being *strictissimi juris,* statutory requirements for such sales should be strictly complied with in every particular. *Charland v. Trustees of Home for Aged Women,* 204 Mass. 563, 91 N. E. 146. So we can definitely state as a corollary that whenever land has been sold at a tax sale, the owner may redeem it only by tendering the full amount of the purchase money and such additional sums to cover interest, penalties, costs and reimbursement for improvements as the statute requires. *Black on Tax Titles,* Sec. 185. It is indisputable that neither the tax collector nor the purchaser has the right to impose any conditions upon the privilege of redemption except those expressly stipulated by the Legislature. Judge Cooley declared that a direct attempt to do this would be so manifestly "an attempt to legislate to the prejudice of the owner, that nothing could be said in justification of it." 4 *Cooley, Law of Taxation,* 4th Ed., Sec. 1572. If the court should compel a redemptioner to pay more than the amount prescribed by the statute, such a decree would be an attempt to enlarge the terms of the statute by adding thereto a condition which the Legislature has not seen fit to impose. *Loud v. O'Brien,* 167 Mich. 206, 132 N. W. 495, 497. We, therefore, conclude that the court has no right under a law like that in force in Baltimore County, except in case of actual fraud, to compel a redemptioner to reimburse the purchaser for improvements made by him before he receives a deed from the County Treasurer.

There is no evidence in the record to show that appellant committed any act of fraud which misled the purchaser to his prejudice. Furthermore, no constructive fraud can be imputed to her. One of the accepted rules of equity, as expressed by Justice Story in illustrating the doctrine of constructive fraud, is that if a man, supposing he has an absolute title to an estate, builds upon

the land with the knowledge of the real owner, who stands by and suffers the work to proceed without giving any notice of his own claim, he will not be permitted to avail himself of such improvements without paying full compensation therefor; for, in conscience, he was bound to disclose the defect of title to the builder. 1 *Story, Equity Jurisprudence,* 12th Ed., Sec. 388. Hence, where one in possession of land under color of title is defeated of his possession by the real owner, the court should award compensation for improvements to the extent of the permanent increase of value, less the reasonable amount of the rents and profits from the premises without the improvements. *Gibson v. Fields,* 79 Kan. 38, 98 P. 1112; *Green v. Biddle,* 8 Wheat. 1, 81, 5 L. Ed. 547, 567. However, in order to justify the application of this rule, it is indispensable that the owner should be fully apprised of his rights and should by his conduct or gross negligence encourage or influence the work; for if he is wholly ignorant of his rights, or if the purchaser knows them or is charged with knowing them, or if the acts or silence or negligence of the owner do not mislead or in any way influence the work, there can be no inference of fraud on the part of the owner. For example, if the real owners had no knowledge of the sale until after improvements were made to their property, it would obviously be unjust to require them to pay for the improvements which they did not want but somebody else ordered. We hold that in order to obtain reimbursement from the owner for the value of the improvements, an occupying claimant must show that he had possession of the land under color of title. *Bryan v. Councilman,* 106 Md. 380, 387, 67 A. 279. In harmony with the rule of equity, the local law of Prince George's County provides that upon the setting aside of a tax deed or the destruction of a tax title at law or in equity, the purchase money paid for the land as well as "the value of buildings and improvements made thereon in good faith by the holder of said tax title or those under whom he claims" shall be a first lien upon the land enforceable in equity by

the person entitled to the same. Code P. L. L., 1930, Ed., Art. 17, Sec. 362. It is held that where a person holds real estate under a tax deed and makes permanent improvements while in possession, he is entitled to the benefits of the Occupying Claimant's Act, even though the tax deed is void. *Elerick v. Reed,* 113 Okla. 195, 240 P. 1045, 44 A. L. R. 474. But manifestly a person in possession of property having full knowledge of his own title and of an adverse claim, cannot acquire a lien for improvements. He must be a *bona fide* possessor, who not only supposes himself to be the true owner of the land but is unaware that his title may be disputed by some other person having the paramount right to the property. It follows that a purchaser at a tax sale cannot be a *bona fide* possessor during the period of redemption, because he becomes a party to the tax sale proceedings and is charged with knowledge (1) that the owners have the absolute right to redeem the property at any time during the period allowed by the statute, and (2) that in no event can he have color of title by obtaining a deed for the property until after the period of redemption. Therefore, any improvements which the purchaser makes during that period are made on his own responsibility, and he is not entitled to any lien for the value of the improvements on the theory of constructive fraud. *McLaughlin v. Barnum,* 31 Md. 425, 453; *Union Hall Ass'n v. Morrison,* 39 Md. 281, 292; *Linthicum v. Thomas,* 59 Md. 574, 583; *Miller v. Henry,* 105 Ark. 261, 150 S. W. 700; *Parker v. Daly,* 58 Or. 564, 114 P. 926, 115 P. 723.

For these reasons we must reverse the decree of the chancellor, and remand the case to enable appellant to redeem the lot in question by paying the purchase price of $47, with interest at 10 per cent., and costs of recording the deed from the Treasurer, as required by law.

*Decree reversed, and case remanded for the passage of a decree authorizing redemption in conformity with this opinion, with costs.*