## BULLARD v. HARDISTY

[No. 276, September Term, 1957.]

*Decided July 3, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert E. Bullard, pro se,* for the appellant.

*Waldo Burnside* for the appellee.

Horney, J., delivered the opinion of the Court.

This appeal involves a contest over a lot or parcel of land in the City of Rockville sold to two different purchasers at separate tax sales.

It was stipulated that the property in question was sold to Walter R. Hardisty (Hardisty *or* first purchaser) on June 13, 1955, at and for the sum of $83.26 by the Director of Finance of Montgomery County (Director of Finance) at the sale thereof for the 1954 delinquent state, county and city taxes. Subsequently Hardisty paid the 1955 state and county taxes, but neglected to pay the 1955 city taxes. On June 11, 1956, the same property was sold to Robert E. Bullard (Bullard *or* second purchaser), at and for the sum of $150 by the Director of Finance at a sale thereof for the 1955 unpaid city taxes. The 1956 state and county taxes were paid by Hardisty and the 1956 city taxes were paid by Bullard.

On June 12, 1957, the first purchaser filed suit to foreclose the rights of redemption against the record owners of the property. On June 27, 1957, the second purchaser filed a petition in the foreclosure proceeding to redeem, reciting his interest as the holder of the 1956 (city)[1] tax sale certificate issued by the Director of Finance. On July 8, 1957, the first purchaser redeemed the property from the 1956 (city) tax sale by paying the sum of $103.87 to the Director of Finance. At that time, the second purchaser had not filed, nor did he subsequently file, suit to foreclose the rights of redemption. On July 11, 1957, the first purchaser filed an answer to the second purchaser's petition to redeem (filed June 27, 1957), praying for the dismissal of the petition to redeem since the second purchaser no longer had any interest in the property. On January 10, 1958, after a hearing, the Circuit Court for Montgomery County dismissed the petition to redeem. The second purchaser appealed.

---

1. For clarity the two tax sales are sometimes hereinafter referred to as the "1955 (county) tax sale," and the "1956 (city) tax sale," respectively.

The first purchaser, relying on the provisions of Code (1957), Art. 81, § 92, contends that since he is "[t]he owner or other person having an estate or interest in the property sold" to the second purchaser at the 1956 (city) tax sale, he had a perfect right to redeem the property, as he had done, before "the right of redemption * * * [had] been finally foreclosed" under the second certificate of sale issued by the Director of Finance.  On the other hand, the second purchaser contends that the first purchaser's bill to foreclose the rights of redemption of the owners of the property by virtue of the 1955 (county) tax sale was an irrevocable offer to those interested to redeem the property, which offer had been accepted by the second purchaser's petition to redeem. He argued that once the first purchaser had filed his bill to foreclose the rights of redemption under the 1955 (county) tax sale, he, the first purchaser, could not himself come in and redeem the property from the 1956 (city) tax sale.

Although both parties posed other questions, the decisive issue as we see it is whether the Director of Finance had authority to make the second sale before the time for instituting foreclosure proceedings under the first sale had expired, or, if such proceedings had been commenced in due time before they had been either concluded or abandoned.  In the event of such delay as to indicate abandonment, the collector could intervene in the proceedings for the purpose of having them concluded.  Clearly, however, the Director of Finance did not have authority to conduct the second sale at the time it was held in the present case.

Section 72 of Article 81 provides that the "collector" [2] shall sell, at the time prescribed by local law, all property upon which taxes are in arrears.[3]  This is so because Section 71 of Article 81 states that "[t]ax" means "any tax, charge or

---

**2.** In Montgomery County the Director of Finance is the "collector" of taxes.

**3.** Section 3 of Ch. 761 of the Acts of 1943, as amended by Ch. 771 of the Acts of 1945 and Ch. 621 of the Acts of 1947, provided in effect that all laws, public general or public local, inconsistent with the "Tax Sales" law were repealed to the extent of such inconsistency.

assessment * * * due to the State of Maryland or any of its political subdivisions, or any other taxing agency * * *." The section last mentioned also defines "[o]*ther taxing agency*" as "any municipal * * * corporation having the power to levy or assess a tax * * *." [4]

It is Section 96 of Article 81, however, with which we are primarily concerned in this case. That section provides:

> "Until a final decree is passed * * * foreclosing all rights of redemption in any property sold by the collector and until a deed * * * is executed and delivered to the holder of the certificate of sale, such property shall continue to be assessed as though no sale had been made, * * *. All taxes accruing subsequent to the date of sale, * * * shall be additional liens against the property. The collector shall not deliver a deed to the holder of a certificate of sale * * * unless and until all subsequent taxes, together with interest and penalties thereon, are paid in full."

The provisions of this section were stated in *Shapiro v. National Color Printing Co.,* 191 Md. 194, 202, 60 A. 2d 679 (1948), and applied in *Empire Furniture Co. v. Hanley,* 191 Md. 386, 62 A. 2d 342 (1948), but the precise question now under consideration has not previously been raised in this Court. We think it is clear, however, that the Director of Finance was precluded from selling the property in question at the second sale thereof for the taxes due the City of Rockville which accrued subsequent to the date of the first sale, and that the latter sale was a nullity. The statutory power to sell real property for non-payment of taxes should be strictly complied with in every particular. *Stewart v. Wheatley,* 182 Md. 455, 460, 35 A. 2d 104 (1943). One effect of the Tax Sale Law is to preclude another sale during the two-year period in which a bill to foreclose the rights of

---

4. See Sec. 73 (a) of Article 81 which provides for notice to municipalities of the collector's intention to hold a tax sale of the property on which taxes are in arrears, and the certification by such taxing agencies of the taxes due it to the county "collector."

redemption may be filed. During that period the implication is that all subsequent taxes shall continue to accrue until the purchaser or holder of the certificate of sale has had an opportunity to file his bill and to secure a deed from the collector. Of course, if the purchaser or holder of the certificate of sale does not exercise the right to foreclose the rights of redemption within the time limited, such certificate becomes void and of no effect, all money received by the collector is forfeited, and, in such event, the collector would unquestionably be in a position to resell the property for all taxes then in arrears. See Section 100 of Article 81.

We hold that the petition of the second purchaser to redeem the property sold at the first and only lawful tax sale was properly dismissed. Upon the receipt of the mandate, the chancellor will decide whether and when it is proper to pass a final decree foreclosing the rights of redemption in the property sold at the first sale.

*Order affirmed, the appellant to pay the costs.*