ALBERT M. CAHN *v.* PRINCE GEORGE'S HOMES,
INC. ET AL.

[No. 337, September Term, 1977.]

*Decided December 12, 1977.*

The cause was argued before DAVIDSON, LOWE and WILNER, JJ.

*James R. Bucher,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellant.

*Joseph S. Casula* for appellees.

LOWE, J., delivered the opinion of the Court.

This appeal arises from a contract between two parties, each of whom claims ownership of the same land, derived from tax sales. The appellant, Albert M. Cahn, purchased the land, along with several other parcels, at a tax sale conducted by the Collector of Taxes for Prince George's County on March 1, 1965, and was duly issued a certificate of sale. After a year and a day had expired, but before the expiration of two years of the date of the certificate of sale, Md. Code, Art. 81, § 100, on March 1, 1967, appellant filed a bill of complaint to foreclose the right of redemption on the subject property as well as on others he had bid in at the time.

Nothing further occurred in the case for nearly three years,[1] until November 14, 1969, when the case was ordered removed from the Stet Docket on petition to permit an unrelated property owner to redeem and "to bring the rest of the cases to completion." If the former was accomplished, the latter was not. The "rest of the cases", including the one at bar, again lay dormant until August 21, 1974, when a decree pro confesso was taken against the defaulting defendants [2] by appellant.

---

1. There is no issue before us relative to a Rule 530 dismissal or similar proceeding, simply an uncontested order upon petition to remove the case from the Stet Docket. There is no indication when, how or why it was placed on a Stet Docket.

2. We are not apprised of the necessity of this petition.

That belated spurt of activity appears to have been stimulated by a tax sale held on May 14, 1974, at which the collector of taxes, without previously having instituted proceedings or intervened in the pending case, again offered the subject property for sale for taxes then delinquent. Appellant, however, having obtained a decree pro confesso, again elected to tread water. He did nothing until after February 19, 1976, when principal appellee, Prince George's Homes, Inc.,[3] presumably stirred him once again by filing a bill of complaint to foreclose the equity of redemption. On April 28, 1976, appellant filed a "PETITION TO REDEEM" in which he asked the court to fix the amount necessary to redeem as authorized by Md. Code, Art. 81, § 94. The petition to fix the amount was opposed by appellee.

After some preliminary legal feints and procedural footwork, the cases were consolidated and decided in the Circuit Court for Prince George's County on motion for summary judgment. The chancellor granted summary judgment to Prince George's Homes, Inc. for the reason that:

> "Albert [M.] Cahn *did not exercise his right to foreclose* the rights of redemption in said property acquired at the first tax sale *by obtaining a final decree within the time limited by statute* and, therefore, the subsequent sale of the property by the County to Prince George's Homes, Inc. for all taxes currently in arrears extinguished and voided all rights the defendant Albert [M.] Cahn had acquired under the tax certificate he purchased on March 1, 1967.[4] " (emphasis added).

Among other things, the final order denied appellant Cahn's "PETITION TO REDEEM", as well as his bill to foreclose the equity of redemption.[5] Appellee, Prince

---

3. Assignee of the certificate of sale from the purchaser at the second tax sale.

4. The opinion referred to Cahn's certificate as purchased on March 1, 1976. The last two numbers were obviously transposed and we have used the intended date in our opinion.

5. Appellee's motion for summary judgment which was granted by the court claimed that it was "entitled . . . to redeem the property". Obviously appellee meant that it was entitled to foreclose redemption on the property.

George's Homes, Inc., was granted an "indefeasible title in fee simple" to the property.

Appellant raises two questions which together go to the heart of the case.

## I.

"Did the Court err in denying the Petition to Redeem filed by Albert M. Cahn in Equity F-681?"

The answer to the first question is clearly in the affirmative. The court has no jurisdiction to deny a party of interest a right to redeem until the right of redemption has been finally foreclosed by the issuance of a final decree. That right may be exercised only by a party of interest, who must pay to the collector the amount required for redemption, Md. Code, Art. 81, § 92, and the statute does not predicate this upon court approval or review. The primary authorization statutorily granted the court providing for foreclosure of the right of redemption by issuance of a final decree to the tax sale purchaser upon his petition in conformity with the statute, Art. 81, §§ 97 through 123, is unrelated to the right to redeem before foreclosure. The only authority given the court which is related to the right of redemption is that which arises when the right to redeem is exercised after an action to foreclose is instituted. Even then, the court's jurisdiction is expressly limited "to fix[ing] the amount necessary for redemption . . . ." Art. 81, § 94. Nowhere in the statute is there a hint of authority legislatively granted to the court to deny an owner or other person having an estate or interest in the property, the right to redeem. The court cannot invoke its general equity jurisdiction in tax sale foreclosure cases because in view of the special and limited jurisdiction outlined in the statute, the Legislature clearly did not contemplate nor grant the exercise of general equity jurisdiction therein. *Dampman v. Litzau and Sonntag*, 261 Md. 196, 202.

## II.

"Did the Court err in dismissing the Appellant's suit to foreclose the right of redemption?"

The answer to the second question is also in the affirmative and the court's error was again occasioned by an overreading

of the statute. We have been consistently admonished that when the words of a statute are clear and used in their natural and ordinary signification with a commonly accepted meaning, there is no room for interpretation. *Balto. Gas & Elect. Co. v. Board*, 278 Md. 26, 31. The statute here places no time limitation upon concluding a foreclosure proceeding and obtaining a final decree. The limitations are upon the *filing* of the proceeding. After providing that once one year and a day have passed after the tax sale, the tax sale purchaser may file to foreclose the equity of redemption, the statute cautions that:

> "Unless a proceeding to foreclose the right of redemption is *filed* within two years of the date of the certificate of sale, the said certificate shall be void and any and all right, title and interest of the holder of the certificate of sale of his predecessors thereof, in and to the property sold shall cease and all money received by the collector on account of the said sale shall be deemed forfeited, and shall be applied by the collector on the taxes in arrears on said property." (emphasis added). Md. Code, Art. 81, § 100 [now § 100 (a)].

The right to redeem, however,

> ". . . exist[s] and continue[s] until finally barred by the decree of the court of equity in which the foreclosure proceeding is filed." Art. 81, § 100; *Heill v. Staniewski*, 265 Md. 722, 726.

When the appellant filed his initial proceeding within that time frame, his interest in the property (which is in the nature of a mortgagee, *Keefauver v. Richardson*, 233 Md. 545, 550-551) entitled him to be among those having a right to redeem, Art. 81, § 87; *and see* Art. 81, § 103 (c). Since there is no statutory limitation upon concluding such suit, it presumably may "hang fire" interminably, subject only to dismissal for procedural inaction under Md. Rule 530 or similar local rules. Such dismissal not being an issue here, the failure to proceed propitiously to decree, or to acquire it within the two year statutory limit for filing, does not

terminate appellant's "interest" devolved from his certificate of tax sale.

Appellee relies upon *Bullard v. Hardisty*, 217 Md. 489 and *Shapiro v. National Color Ptg. Co.*, 191 Md. 194, for the proposition that failure to foreclose within two years voids the tax sale certificate, and thus argues that the interest prerequisite to appellant's right to redeem is negated. We do not read that in the statute, neither do we interpret those cases to so conclude.

Appellee relies upon two sentences of dicta in *Shapiro, supra,* 191 Md. at 202, where the Court in analogizing a tax sale purchaser with a mortgagee generally restated the statutory rule using rather broad terminology:

> "Under the new law a 'purchaser' at a tax sale is virtually a mortgagee. He can, *and within two years must*, foreclose his lien and get either (a) a marketable title to the property or (b) payment of his lien." (emphasis added).

It is apparent that in drawing an analogy between the two proceedings, the Court used the term "foreclose" in a generic sense. The phrase set off in commas relating to the two year limitation was not intended to convey the view that payment or title must be obtained in two years. The phrase was simply to acknowledge a simple difference between that case and the ordinary mortgage case referred to in the descriptive analogy. When read for its primary purpose of painting an analogous picture, without the cautionary reference to the statute's peculiar limitation's provisions, the thought intended to be conveyed is clear.

> "Under the new law a 'purchaser' at a tax sale is virtually a mortgagee. He can ... foreclose his lien and get either (a) a marketable title to the property or (b) payment of his lien."

In *Bullard, supra,* 217 Md. at 494, appellee notes the Court stated that a certificate holder must "exercise" the right to foreclose within two years or such certificate becomes void and of no effect. That is absolutely correct; however, to

determine what is necessary to "exercise" the right to foreclose, we look to the statute and see that all the Legislature required was the *filing* of the proceeding to commence that "exercise".

*Bullard,* we believe, goes against appellee. It is substantial authority for the principle that if proceedings are commenced propitiously to foreclose, but have not been concluded or abandoned, a tax collector has no authority to resell the property a second time without having intervened in the proceedings for the purpose of having them concluded.

> "In the event of such delay as to indicate abandonment, the collector could intervene in the proceedings for the purpose of having them concluded." *Id.* at 492.

The clear holding of that case was that the tax collector (who had not intervened):

> ". . . was precluded from selling the property in question at the second sale thereof for the taxes due the City of Rockville which accrued subsequent to the date of the first sale, and that the latter sale was a nullity." *Id.* at 493.

Applying those principles here in the light of the "delay [such] as to indicate abandonment," it is clear that while the tax collector could have intervened to conclude the Cahn proceedings by having them declared abandoned or by forcing obtention of a decree, he could not proceed with a second sale without such judicial determination having been obtained through his intervention. Nor could the judge properly have declared the Cahn proceedings abandoned nunc pro tunc at the instance of appellee, so as to breathe life into the second sale, which was void ab initio absent the collector's intervention. The circle is complete when it is pointed out that the appellee who sought that determination had only such standing as was provided by whatever interest it could derive from a tax sale that was void in its inception. It had no standing to institute the second proceeding nor to intervene in the first.

The statute obviously has a gap in it[6] through which appellant sought to benefit. He purchased several properties in 1965, filed propitiously to foreclose the equity of redemption, then proceeded no further. By not going on, he subjected himself to the unlikely danger of a subsequent redemption by an owner; however, even if the property were redeemed, he would be reimbursed for all of his original outlay plus interest, § 93. The benefits derived from inaction on the other hand are substantial. He was required to pay only so much of the purchase price at time of sale as was prescribed by the collector, the balance not being due until foreclosure is complete. All taxes accruing between the date of sale and final decree continue to be assessed "as though no sale had been made", Art. 81, § 96, and although these taxes, interest and penalties are additional property liens, they need not be paid until foreclosure is finalized. Thus, a tax sale purchaser may maintain a marketable interest in property with a minimum downpayment but with no risk of loss (even of interest on his downpayment), nor obligation to pay taxes, and hold the property indefinitely as its value increases. In light of its express intent to encourage foreclosure of the rights of redemption, it is unlikely that this procedural loophole was intended by the Legislature. It exists nonetheless. The subsequent adoption of Md. Rule 530 by the Court of Appeals would seemingly carry out the expressed legislative purpose by automatically dismissing cases inactive for eighteen months. In this case however, that rule was either not applicable or not applied below and is not before us now.

We reverse the judgment of the court below. Since the second sale to appellee was a nullity (*Bullard, supra,* 217 Md. at 493), the chancellor should dismiss the proceeding filed by

6. While there are several possible legislative solutions, it seems the General Assembly might, at the very least, require that the County Collector of Taxes receive notice that a petition to foreclose the equity of redemption has been filed. Under the present statute his only direct knowledge of the proceeding comes at its conclusion when the court's decree directs him to execute a deed to the holder of the certificate of sale. Md. Code, Art. 81, § 115. Ironically, the statute provides that a plaintiff "may" name the State of Maryland as a defendant but makes no provision for naming the county whose interest exceeds that of the State.

288

appellee to foreclose the equity of redemption in Equity case number E-681. Having acquired no interest from the void sale, appellee has no standing to oppose appellant's petition to foreclose in Equity number D-1250, which petition should be granted upon compliance with the statutory prerequisites and subject to proof of compliance with procedural rules not before us on this appeal.

*Judgment reversed.*
*Case remanded for entry of judgment pursuant to this opinion.*
*Costs to be paid by appellees.*