597 A.2d 952

**David Townes DAWSON, Personal Representative of the Estate of Dr. Townes L. Dawson, et al.**

v.

**PRINCE GEORGE'S COUNTY, Maryland.**

**No. 12, Sept. Term, 1991.**

Court of Appeals of Maryland.

Oct. 31, 1991.

David Townes Dawson, Temple Hills, for petitioners.

J. Michael Dougherty, Jr., Associate County Atty. and Albert J. Lochte, Deputy County Atty. (Michael P. Whalen, County Atty., on brief), Upper Marlboro, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

RODOWSKY, Judge.

This case involves tax sale procedure. Specifically, we shall hold that the circuit court erred in entering an order foreclosing the right of redemption without having ruled on the property owner's pending application for the court to resolve a dispute over part of the amount to be paid to redeem.

The petitioner in this Court is David Townes Dawson (Dawson), the owner, individually or as personal representative of his father's estate, of seven parcels of land (the Property) in Prince George's County that were sold at tax sale on May 8, 1989. The respondent is Prince George's County (the County), the tax sale purchaser. On December 1, 1989, the County filed its "Complaint to Foreclose Rights

of Redemption" in the Property. Both an order of publication and writs of summons were issued fixing January 29, 1990, as the date after which a final decree of foreclosure would be entered. The order of publication, prepared by counsel for the County, warned all interested persons "to be and appear" in the Circuit Court for Prince George's County by that date "and redeem the aforesaid property and answer the Complaint...." The writ of summons, generated by the court's computer, warned that "[f]ailure to file either a written answer or petition to redeem" on or before the specified date would result in a final order of foreclosure.

On the morning of January 29, 1990, Dawson filed, and the clerk date and time stamped, a paper headed, "Answer and Petition to Redeem." By this filing Dawson sought to have the court determine the amount of fee for counsel for the County that Dawson was required to pay in order to effect redemption of the Property. By order signed January 31, 1990, and filed and docketed February 2, 1990, the court foreclosed the right of redemption in the Property. The final order makes no reference to the paper filed by Dawson.[1]

Dawson appealed to the Court of Special Appeals which affirmed in an unreported opinion. That court reasoned that the circuit court need not have decided the amount of fee payable by Dawson because Dawson failed to request a

---

1. The briefs and representations at oral argument reveal that the parties are in substantial agreement on the following facts. Several days prior to January 31, 1990, the circuit court clerk's office transmitted the file to the judge assigned to chambers duties. The judge telephoned Dawson to inquire whether he intended to redeem. Dawson replied that he did so intend, pointing out that his deadline was January 29.

 From these agreed facts one might infer that, prior to January 31, Dawson's filing of January 29 did not get into the file folder for the action in chambers, that the file contained the form of order of foreclosure presented by counsel for the County in anticipation that there would be no redemption, and that the judge did not have in mind, while signing the order, the earlier conversation with Dawson.

hearing in a manner complying with Maryland Rule 2–311.[2] We granted Dawson's petition for certiorari.

 Tax sale proceedings are, under the Maryland Rules, one of the Chapter 1100 special proceedings. Subtitle BS, dealing with tax sales, contains only one rule, Rule BS40. It simply incorporates the procedural provisions of the Maryland Code dealing with tax sales. Title 2 of the Maryland Rules "applies to civil matters in the circuit courts ... except as otherwise specifically provided or necessarily implied." Rule 1–101. The result is that the procedure in tax sale cases is primarily governed by statutes which are supplemented by the rules only to the extent that those rules are consistent with the statutory provisions. For example, we held that former Rule 530, providing for dismissal of actions in a circuit court for want of prosecution, applied to proceedings to foreclose the equity of redemption following a tax sale, *Prince George's Homes, Inc. v. Cahn,* 283 Md. 76, 389 A.2d 853 (1978), but we also held that the decree *pro confesso,* of former equity practice, did not apply to tax sale foreclosures, *Simms v. Scheve,* 298 Md. 1, 467 A.2d 499 (1983).

The principal statutes governing tax sales are Maryland Code (1986, 1991 Cum.Supp.), §§ 14–808 through 14–854 of

---

**2.** Maryland Rule 2–311, entitled "MOTIONS," provides in relevant part:

"(a) **Generally.**—An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, and shall set forth the relief or order sought.

. . . .

(c) **Statement of Grounds and Authorities.**—A written motion and a response to a motion shall state with particularity the grounds and the authorities in support of each ground.

. . . .

(f) **Hearing—Other Motions.**—A party desiring a hearing on a motion, other than [certain post trial motions], shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section."

the Tax–Property Article.[3] In general outline, the tax collector for a county sells property on which real estate taxes are in arrears. § 14–808. The purchaser receives a certificate of sale. § 14–820. The purchaser must file a complaint to foreclose the owner's right of redemption during a period beginning six months after the sale and ending two years after the sale. § 14–833. Until a final order of foreclosure, the owner retains the right to redeem. § 14–827.

The amount to be paid to the collector on redemption is provided by § 14–828, while the amount to be reimbursed to the purchaser is governed by § 14–843. Here, the County is both collector and purchaser. Section 14–828(a) provides:

"(a) *Payments to collector.*—If the property is redeemed, the person redeeming shall pay the collector:

(1) the total price at the tax sale for the property together with interest;

(2) any taxes, interest, and penalties paid by any holder of the certificate of sale;

(3) any taxes, interest, and penalties accruing after the date of the tax sale; and

(4) unless the party redeeming furnishes the collector a release or acknowledgement executed by the plaintiff or holder of the certificate of sale that all actual expenses or fees under § 14–843 of this subtitle have been paid to the plaintiff or holder of the certificate of sale, any expenses or fees for which the plaintiff or the holder of a certificate of sale is entitled to reimbursement under § 14–843 of this subtitle."

Section 14–843 provides:

"On redemption, the plaintiff or the holder of a certificate of sale is entitled to be reimbursed for expenses incurred in any action ... to foreclose the right of redemption. In addition, the plaintiff or holder of a certifi-

---

**3.** Unless otherwise indicated, all statutory references are to the Tax–Property Article.

cate of sale, on redemption, is entitled to be reimbursed for fees paid for recording the certificate of sale, for attorney's fees that do not exceed the sum of $250 for each certificate of sale, for expenses incurred in the publication and service of process by publication, for reasonable fees for a necessary title search, and for taxes, together with interest and penalties on the taxes, arising after the date of sale that have been paid by the plaintiff. The plaintiff or holder of a certificate of sale is not entitled to be reimbursed for any other expenses."

Section 14–835 requires that the complaint in an action to foreclose include "a description of the amount necessary for redemption." § 14–835(g). In this action the County filed a single complaint to foreclose, on a consolidated basis, the right of redemption in all seven properties described in the complaint. The complaint avers, however, only that the amount necessary for redemption includes attorney's fees, without specifying the amount. Dawson contends, and the County does not dispute, that the amount which Dawson would have been required to pay was $250 per tax account parcel, the maximum allowable under § 14–843.[4] The $250 maximum "for each certificate of sale" under § 14–843 is in addition to the cost of "a necessary title search." Dawson sought to have the circuit court determine the amount of counsel fee to be included in the total amount to be paid to redeem the Property.

Section 14–829 addresses disputes over the amount to be paid to redeem. It reads:

---

**4.** The parties have argued this case in terms of a fee of $1,500, or $250 for each of six tax account parcels. After the order for appeal was noted in this case, the circuit court entered an order dismissing one of the properties from the action "for the reason that this property has been removed from the tax rolls by the State Department of Assessments and Taxation." Assuming that the appeal as to that parcel is nevertheless before us, that aspect of the appeal is moot, leaving six parcels in dispute. Thus, when the parties in argument refer to $1,500 as the disputed fee, they apparently refer to the maximum fee allowable for each of the six remaining parcels.

"(a) *Application to court to fix amount due.*—If the property is redeemed after an action to foreclose the right of redemption is instituted and there is any dispute regarding redemption, the person redeeming may apply to the court before which the action is pending to fix the amount necessary for redemption in accordance with the provisions of this subtitle.

(b) *Accepting money without court order.*—Except as provided in subsection (c) of this section, the collector may accept money for redemption without an order of court.

(c) *Court order required where amount disputed.*—If there is any dispute regarding redemption, the collector shall accept no money for redemption unless and until a certified copy of the order of court fixing the amount necessary for redemption is filed with the collector."

Dawson's "Answer and Petition to Redeem" admits ownership of the Property and asks the court to fix costs of redemption in specified amounts for various items, other than counsel fee. These other amounts are those which the County requested, so that the only dispute relates to the amount of counsel fee. Dawson's filing then reads in relevant part:

"WHEREFORE, Defendant prays:

"1. That the Court fix the Costs of the said property for redemption of same by the said Defendants.

"2. That the Court allow a hearing to determine the appropriate Legal fees due to the County."

Beneath Dawson's signature to the body of the pleading there appear, centered, underlined, and in uppercase letters, the words, "REQUEST FOR HEARING." Immediately below those words are approximately three blank lines followed by the centered words, "CERTIFICATE OF SERVICE." Below that heading are a certificate of service and a second signature by Dawson.

The tax sale statutes address two types of responses by an owner to a petition to foreclose the right of redemption.

These are a challenge to the tax sale itself and a challenge to the amount required to redeem. The "validity of the procedure [by which the Property was sold] is conclusively presumed unless a defendant [in the foreclosure] proceeding shall, by answer, set up as a defense the invalidity of the taxes or the invalidity of the proceedings to sell or the invalidity of the sale." § 14–842. Here, the "answer" aspect of Dawson's pleading did not attack the sale. The "petition to redeem" portion of Dawson's filing, articulated in the above-quoted prayers for relief, challenged the redemption price. It effectively invoked the right conferred on an owner under § 14–829 to have the court "fix the amount necessary for redemption...."

■ The County contended, and the Court of Special Appeals held, that Dawson's bare heading, "<u>REQUEST FOR HEARING</u>," must comply with Rule 2–311(f). Compliance with that rule is immaterial. Rule 2–311 deals with motions practice in the circuit courts and is inapplicable to the issue before us. Under the tax sale statutes, Dawson's options were severely limited. He opted to redeem, but he also affirmatively asked the circuit court to fix the "appropriate [l]egal fees due to the County." In view of the dispute between the County and Dawson, the request was for relief under § 14–829. By analogy to Title 2 of the Maryland Rules, Dawson had filed in tax foreclosure practice a pleading in the nature of a counterclaim. We need not in the matter before us decide what summary procedures might be available for disposition of that request for relief, because neither party sought summary disposition. Thus, Dawson's pleading required a determination on the merits which could not be made without notice and an opportunity to be heard.

The County also submits that Dawson's "answer" is not in good form if tested against Rule 2–323. The alleged deficiency is not prejudicial to the County, even if we assume, *arguendo,* that Rule 2–323 applies generally to responses to petitions to foreclose when the tax sale is not challenged.

██ The County argues that Dawson neither redeemed nor tendered the redemption price. The argument seemingly is based on the introductory clause of § 14–829(a), "[i]f the property is redeemed after an action to foreclose the right of redemption is instituted...." This language does not confine an owner's invocation of the right conferred by § 14–829 to instances in which there is a consummated redemption. The introductory language simply alerts the reader to the fact that § 14–829 will deal with situations in which the response of the owner to a petition to foreclose is to redeem the property, as opposed to challenging the tax sale. The same introductory language is used in § 14–828(a) which provides the amounts to be paid to redeem. Obviously one cannot have consummated a redemption of the property at the stage when the redemption price is being computed.

Further, the collector is prohibited by § 14–829(c) from accepting any money for redemption, absent a copy of a court order fixing the amount, in cases where the redemption amount is disputed. For example, in disputed cases, an owner could not consummate a redemption, by way of payment under protest of the full amount claimed, prior to the court's determination of the amount to be paid, because the collector may not then take the money.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR THE ENTRY OF A JUDGMENT REVERSING THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMANDING THIS CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PRINCE GEORGE'S COUNTY, MARYLAND.