702 A.2d 753

The **GORDON FAMILY PARTNERSHIP**

v.

**GAR ON JER et al.**

No. 69, Sept. Term, 1996.

Court of Appeals of Maryland.

Nov. 20, 1997.

Michael J. Shelton (Maddox & Shelton, on brief), Rockville, for Appellant.

Russel A. Arlotta (Carl A. Harris & Assoc., P.C., on brief), Upper Marlboro, for Appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI *, RAKER and WILNER, JJ.

BELL, Chief Judge.

The issue this case presents involves the interpretation of Maryland Code (1957, 1996 Repl.Vol.) §§ 14–820 and 14–833 of the Tax–Property Article.[1] Section 14–833(c) defines the limitations period for filing an action to foreclose the right to redeem property sold at a tax sale in terms of "the date of the certificate of sale" and § 14–820(a)(8) reiterates that definition, albeit referring simply to "the date of the certificate," in the context of prescribing the contents of that certificate of sale. The trial court, interpreting § 14–833(c), equated "the date of the certificate of sale" with "the date of the sale," and thus dismissed the action to foreclose rights of redemption filed by the appellant, the Gordon Family Partnership. We

---

\* Karwacki, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of this opinion.

**1.** Unless otherwise indicated, all future statutory references will be to the Tax-Property Article.

granted certiorari on our own motion to review this important issue.

## I

Each May, beginning on the second Monday and continuing over the course of three to five days, Prince George's County, Maryland, the appellee,[2] sells thousands of parcels of real property situated in the County on which the payment of property taxes is delinquent. In 1993, the sale began on May 10 and continued for the next four and a half days. Three pamphlets or notices containing pertinent information concerning the tax sale, its procedures and consequences, were provided or made available in connection with the sale. Each pamphlet and each notice advised, *inter alia,* that a successful bidder/purchaser needed to initiate legal action to foreclose rights of redemption within two years of the date of the tax sale, otherwise the certificate of sale would be void.

The appellant participated in the sale and purchased over its course, 10 separate parcels of real property. It paid for its purchases on May 17, 1993. The purchases were evidenced by 10 Certificates of Sale by the Director of Finance for Prince George's County executed, upon information and belief, in the presence of a Notary. The certificates were not issued, or delivered to the appellant, however, until November 1, 1993, the date they were signed and notarized. Copies of each certificate were filed in the Circuit Court for Prince George's County.

When all of the properties had not been redeemed by the various property owners, the appellant filed, on May 22, 1995, pursuant to § 14–833 [3] in the Circuit Court for Prince

---

**2.** In addition to Prince George's County, the complaint to foreclose rights of redemption named each of the property owners whose property was purchased by the appellant. Only the County moved to dismiss and has participated in these proceedings; accordingly, we shall refer only to it in this opinion.

**3.** That section, in relevant part, provides:

George's County, a Complaint to Foreclose Rights of Redemption.[4] The County moved to dismiss the complaint, contending that it came too late, more than two years from the date of the sale, the date it maintained was prescribed by § 14–833(c). That motion was denied and the County filed a Motion for Reconsideration. Following a hearing on that motion, the court issued its written opinion granting the appellee's motion for reconsideration and, thus, dismissing the appellant's complaint. The court rejected the appellant's argument that the date of the certificate and the date of the sale are different dates, accepting instead the appellee's submission that "the date of the sale is effectively synonymous with the date of the certificate."

## II

The appellant's argument is simple and straightforward, premised on the plain and ordinary meaning of § 14–833(c). It is that the date of the sale is a different and separate date from the date of the certificate. Moreover, by using the phrase, "date of the certificate of sale," a phrase that is clear and unambiguous, and requiring no further construction, when given its plain and ordinary meaning, the Legislature made a clear choice between those two dates. Thus, the appellant asserts that the starting date for the running of the limitations period is the date of the certificate, *i.e.* November 1, 1993, rather than the date of the sale; to construe the phrase otherwise is to disregard the language the General Assembly used and avoid its clear meaning.

---

(a) Except as provided in subsection (e) of this section, at any time after 6 months from the date of sale a holder of any certificate of sale may file a complaint to foreclose all rights of redemption of the property to which the certificate relates.

(b) The right to redeem shall continue until finally barred by decree of the circuit court in which the foreclosure proceeding is filed.

4. The appellant's complaint sought foreclosure of the right of redemption of all ten properties, notwithstanding that three of them had been redeemed prior to May 10, 1995.

On the other hand, the appellee's argument is more involved and complex. It is also multifaceted. First, it maintains that:

Since at least 1978, the Court of Appeals and the Court of Special Appeals have consistently interpreted the aforementioned limitation provisions for filing a tax sale foreclosure suit [§§ 14–833(c) and 14–820(a)(8) ] to mean two years from the date of the tax sale, making the terms "date of the certificate" and "date of the certificate of sale" effectively synonymous with "date of the sale."

It cites, and discusses, as supportive of this proposition, *Fish Market Nominee Corp. v. G.A.A. Inc., et al.*, 337 Md. 1, 5, 650 A.2d 705, 707 (1994); *Scheve v. Shudder, Inc.*, 328 Md. 363, 365, 614 A.2d 582, 583–84 (1992); *Dawson v. Prince George's County*, 324 Md. 481, 482, 597 A.2d 952, 954 (1991); *Prince George's Homes, Inc. v. Cahn*, 283 Md. 76, 77, 389 A.2d 853, 854 (1978); *Slattery v. Friedman*, 99 Md.App. 106, 112, 636 A.2d 1, 4, *cert. denied* 335 Md. 81, 642 A.2d 192 (1994); *Scott v. Seek Lane Venture, Inc.*, 91 Md.App. 668, 679, 605 A.2d 942, 948 (1992). The appellee also takes solace in the fact that the pamphlets and notices all contained advice consistent with this interpretation. This is, for appellee, further evidence that its construction is correct and that the appellate courts have indeed so construed the statutes.

Second, the appellee argues that the doctrine of legislative acquiescence, *see, e.g., Workers' Compensation Com'n v. Driver*, 336 Md. 105, 120–21, 647 A.2d 96, 104 (1994); *Macke Co. v. St. Dep't of Assess. & Tax.*, 264 Md. 121, 132–133, 285 A.2d 593 (1972); *Smolin v. First Fidelity Sav. and Loan Ass'n.*, 238 Md. 386, 392–393, 209 A.2d 546, 549–550 (1965), is applicable under the facts *sub judice*. In support of this argument, it points out:

From the date of the *Cahn* decision in 1978 to the present, Subtitle 8 of the Tax–Property Article and its predecessor, Article 81, Section 70, et seq., pertaining to tax sales has been addressed, modified, and amended by the Legislature, under its various sections without fail at virtually each legislative session. In fact, the entire tax sale procedure was recodified from Article 81 to the Tax–Property Article

in 1985. In particular, Section 14–833 . . ., and its predecessor, Article 81, Section 100, have gone through at least two repeals and reenactments, and Section 14–820 . . . and its predecessor Article 81 Section 83, have gone through numerous repeals and reenactments, without the Legislature responding in opposition to, or in any way changing, the interpretation placed on these sections by the Courts pertaining to the two year statute of limitations period running from the date of the sale.(Footnotes omitted).

Continuing from the perspective of the legislative history of the legislation, the appellee further asserts that such history reflects an intention on the part of the Legislature "to accord a two year tax sale statute of limitations for post–1943 tax sales, running from the date of the sale, as the Courts have so interpreted." That history indicates, it states, that the Legislature intended that there be a uniform procedure applicable to the conduct of tax sales and the commencement of tax sale foreclosure actions. That intended uniformity would be significantly undermined, the appellee suggests, if the date of the certificate were the appropriate date. According to the appellee,

[t]aken to it logical conclusion, if the date of the administrative signing of the certificate or the notary's acknowledgment were to govern the commencement of the running of the statute of limitations under Section 14–833(c), the State would have at least as many varying time periods for filing tax sale foreclosure suits as there were political subdivisions conducting tax sales for delinquent taxes.

Finally, the appellee maintains that adoption of the appellant's argument would result in an illegal delegation of authority in contravention of separation of powers, *see* Article 8 of the Maryland Declaration of Rights [5] and the "Delegation

---

5. Article 8 of the Maryland Declaration of Rights provides:
   That the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other.

Doctrine established by the Courts," citing *Christ v. Maryland Dept. of Natural Resources,* 335 Md. 427, 644 A.2d 34 (1994); *Department of Transportation v. Armacost,* 311 Md. 64, 74, 532 A.2d 1056, 1061 (1987); *Sullivan v. Bd. of License Comm'rs,* 293 Md. 113, 123, 442 A.2d 558, 563 (1982). It argues:

> Such a limitations period as argued by the appellant Partnership would, in effect, be no limitations period, at all. Worse yet, such a local, administratively driven limitations period, which subjects the statute of limitations to the vagaries of each local tax collector's administrative practice for issuing tax sale certificates would, in effect, constitute an illegal delegation of the General Assembly's legislative authority in violation of Article 8 of the Declaration of Rights of the Maryland Constitution and the Delegation Doctrine established by the Courts.

By way of explaining its position, the appellee reasons:

> If the signing of the tax sale certificate by the Collector of Taxes or the notarizing of said signature is the trigger for starting the two-year limitations period for filing a foreclosure action, as the Partnership contends, then the discretion that is supposed to be vested solely within the province of the legislature is in reality, placed in the hands of various local officials, without any guidance or restrictions from the General Assembly. This would shift the fundamental decision making authority for the imposition of the statute of limitations away from the Legislature. . . .

### III

The statute whose meaning is at issue on this appeal is § 14–833(c). It provides:

> (c) The certificate is void unless a proceeding to foreclose the right of redemption is filed:

> (1) within 2 years of the date of the certificate of sale; or

> (2) in Baltimore City, with respect to any property which was cited as vacant and abandoned on a housing or building

violation notice outstanding on the date of the tax sale, within 1 year of the date of the certificate of sale.

Section 14–820 pertaining to the contents of a certificate of sale is also instructive, particularly subsection (a)(8), which provides:

(a) The collector shall deliver to the purchaser a certificate of sale under the collector's hand and seal, or by the collector's authorized facsimile signature, acknowledged by the collector as a conveyance of land, which certificate shall set forth:

\* \* \* \* \* \*

(8) that the certificate will be void unless foreclosure proceedings are brought within 2 years from the date of the certificate or in Baltimore City, with respect to any property which was cited as vacant and abandoned on a housing or building violation notice outstanding on the date of tax sale, within 1 year from the date of the certificate.

In particular, the question to be answered is "what does 'date of the certificate of sale' mean?" Determining the answer to that question is a matter of statutory construction. The principles pursuant to which that task is performed are clear and well settled in this State. *Prince George's County v. Vieira,* 340 Md. 651, 658, 667 A.2d 898, 901 (1995). The object of statutory construction is to effectuate, after discerning, the real intention of the Legislature. *Mayor and City Council of Baltimore v. Cassidy,* 338 Md. 88, 93, 656 A.2d 757, 760 (1995); *Gargliano v. State,* 334 Md. 428, 435, 639 A.2d 675, 678 (1994); *Motor Vehicle Admin. v. Seidel Chevrolet, Inc.,* 326 Md. 237, 248, 604 A.2d 473, 479 (1992); *Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991). The search for legislative intent begins, and ordinarily ends, with the words of the statute under review. *Cassidy,* 338 Md. at 93, 656 A.2d at 760; *Harris v. State,* 331 Md. 137, 145, 626 A.2d 946, 950 (1993). Where, giving the words of the statute their ordinary and common meaning, *see Dickerson v. State,* 324 Md. 163, 171, 596 A.2d 648, 652 (1991); *Cunningham v. State,* 318 Md. 182,

185, 567 A.2d 126, 127 (1989), the statute is clear and unambiguous, both in meaning and application, *see C & P Telephone v. Director of Finance*, 343 Md. 567, 578, 683 A.2d 512, 517 (1996), it usually is unnecessary to go further. *State v. Thompson*, 332 Md. 1, 7, 629 A.2d 731, 734 (1993); *Mustafa v. State*, 323 Md. 65, 73, 591 A.2d 481, 485 (1991). Because it is part of the context, related statutes or a statutory scheme that fairly bears on the fundamental issue of legislative purpose or goal must also be considered. *Popham v. State Farm Mutual Insurance Company*, 333 Md. 136, 148, 634 A.2d 28, 34 (1993); *GEICO v. Insurance Commissioner*, 332 Md. 124, 131–32, 630 A.2d 713, 717 (1993). Thus, not only are we required to interpret the statute as a whole, *State v. Crescent Cities Jaycees Found., Inc.*, 330 Md. 460, 468, 624 A.2d 955, 959 (1993), but, if appropriate, in the context of the entire statutory scheme of which it is a part. *Id.; Popham v. State Farm Mutual Insurance Company*, 333 Md. 136, 148, 634 A.2d 28, 34 (1993); *GEICO v. Insurance Comm'r*, 332 Md. 124, 131–32, 630 A.2d 713, 717 (1993); *Baltimore Gas & Electric Co. v. Public Service Comm'n*, 305 Md. 145, 157, 501 A.2d 1307, 1313 (1986). Moreover, neither the words in the statute nor any portion of the statutory scheme should be read "so as to render the other, or any portion of it, meaningless, surplusage, superfluous, or nugatory." *GEICO*, 332 Md. at 132, 630 A.2d at 714. Nor may we read a statute in a way that is inconsistent with, or ignores, common sense or logic. *Frost v. State*, 336 Md. 125, 137, 647 A.2d 106, 112 (1994).

■ The applicable statutes clearly and unambiguously refer to the "date of the certificate" or the "date of the certificate of sale." Neither one mentions the "date of sale" in the context of the limitation period for foreclosing the right of redemption. This is significant because there is a real and acknowledged difference between the two dates, both of which are addressed in the legislation regulating tax sales. Compare § 14–820(a)(2), requiring that the certificate of sale set forth the date of sale with § 14–820(a)(8), defining the limitations period as running from the date of the certificate. Moreover, the certificate of sale has an existence and signifi-

cance apart from the date of sale. Consistent with the requirement that it set forth the date of sale, the certificate actually evidences the sale. *See* § 14–820(a) ("The collector shall deliver to the purchaser a certificate of sale under the collector's hand and seal, or by the collector's facsimile signature, acknowledged by the collector as a conveyance of land. . . ."). Additionally, the certificate is assignable, § 14–821,[6] and may be recorded. Section 14–822.[7] The Legislature's use of the phrase "date of the certificate of sale" takes on added importance in view of these attributes, particularly assignability, of the certificates. Finally, § 14–832, concerned with the construction of the sections of the legislative scheme relating to the foreclosure of the right of redemption by tax sale purchasers, which includes § 14–833, is also instructive. Mandating liberal construction, it provides:

> The provisions of §§ 14–832.1 through 14–854 of this subtitle shall be liberally construed as remedial legislation to encourage the foreclosure of rights of redemption by suits in the circuit courts and for the decreeing of marketable titles to property sold by the collector.

We believe that the legislative intent in enacting § 14–833 is clear. By using the phrase, "date of the certificate of sale," the General Assembly clearly and unequivocally stated its intention that the two year period run from that date, rather than the date of sale. So clear is the statement that there simply is no room or occasion for interpretation. But not only did the General Assembly use clear and unambiguous lan-

---

**6.** That section provides:

> Any certificate of sale executed and delivered by the collector to the purchaser is assignable and an assignment of the certificate of sale vests in the assignee, or the legal representative of the assignee, all the right, title, and interest of the original purchaser. The assignment of certificate of sale may be made in accordance with the provisions of law relating to the short assignment of mortgages.

**7.** Pursuant to this section,

> The purchaser may record the certificate of sale among the land records of the county in which the property is located, but failure to record does not affect the right to institute foreclosure proceedings as provided in this subtitle.

guage in defining the period of limitations, to use any other date would render the phrase the Legislature used meaningless and mere surplusage. Thus, even were there some ambiguity, as we have already seen, it may not be resolved in that way; effect still must be given to every phrase and word of the statute if possible. And, of course, in the case of the statutes under consideration, that may be done simply by treating the date of the sale and the date of the certificate as they have been treated by the plain language of the statutes, as separate, one reflecting the other, and having different consequences and significance.

The appellee argues that this Court and the Court of Special Appeals have already resolved this issue and, as we have seen, it has offered cases to support that assertion. Those cases do not, however, appreciably advance the appellee's position. To be sure, there is language in those cases which seems to equate the date of sale and the date of the certificate of sale. But the issue in those cases was not the one presented in this case.

It is true, of course, that in *Fish Market,* this Court, summarizing the right of a purchaser at a tax sale to foreclose the right of redemption with respect to the property purchased, stated:

> After waiting six months from the date of the sale, the holder can file a complaint to foreclose the owner's right of redemption. Section 14–833. If the certificate holder does not file such a complaint within two years of the tax sale, the certificate becomes void, effectively placing a statute of limitations on actions to foreclose the right of redemption.

337 Md. at 6, 650 A.2d at 707. There were two issues in that case, "whether Maryland's General Assembly may properly authorize Baltimore City to set the redemption interest rate on a tax sale of real estate at a rate greater than the 6% rate provided in Article III, § 57 of the Maryland Constitution [footnote omitted] and whether a circuit court, in a proceeding to foreclose the rights of redemption in two properties, can substitute the assignee of only one of the two tax sale certifi-

cates so that two plaintiffs, rather than one, are parties in the case," *id.* at 4, 650 A.2d at 706. Neither issue involved the timeliness of the filing of the foreclosure proceedings. Thus, resolution of the issues in that case did not turn on the quoted passage.

Similarly, in *Scheve,* despite language suggesting that the two year period for filing the foreclosure action ran from the date of sale, the only issue in the case was "whether the court may issue a final decree foreclosing a landowner's right of redemption and vesting title in a tax sale purchaser ... where the tax sale purchaser has filed suit to foreclose the right of redemption and taken all necessary steps to perfect the foreclosure ... but thereafter changed his mind." 328 Md. at 365–66, 614 A.2d at 583–84. Consequently, to the extent that language favorable to the appellee's position may be interpreted to bear on the issue *sub judice,* it is at best dicta.[8]

The appellee fares no better with its legislative acquiescence argument. We have already concluded that the statutes at issue are not ambiguous, that, on the contrary, they are quite clear and unambiguous. Moreover, as we have also shown, the issue before the courts when they made the pronouncements the appellee relies upon was not one which required the courts to decide the point that is at the heart of this case.

To be sure, it may very well be the case that the legislative history of the tax sale provisions as they pertain to when proceedings to terminate right of redemption must be initiated reflects the Legislature's desire to bring uniformity to the process. Thus, assuming that the appellee's arguments in this

---

**8.** A similar analysis applies to the other cases cited by the appellee: *Prince George's Homes, Inc., v. Cahn,* 283 Md. 76, 77, 389 A.2d 853 (1978) (error to dismiss timely filed action to foreclose rights of redemption even though not concluded for nine years); *Dawson v. Prince George's County,* 324 Md. 481, 482, 597 A.2d 952 (1991) (right of redemption may not be foreclosed while dispute concerning the amount required for redemption is pending); *Slattery v. Friedman,* 99 Md.App. 106, 120, 636 A.2d 1, 8, *cert. denied* 335 Md. 81, 642 A.2d 192 (1994) (propriety of setting aside a final order foreclosing the right of redemption); *Scott v. Seek Lane Venture, Inc.,* 91 Md.App. 668, 685, 605 A.2d 942, 950 (1992) (same).

regard are correct does not affect the result or, indeed, the validity of the appellant's argument. By prescribing a two-year period, counting from the date of the tax sale certificate, for bringing an action to foreclose the right of redemption of a property owner whose property has been sold at tax sale, the General Assembly achieved the goal of uniformity and, in addition, the predictability that uniformity fosters. That a particular subdivision chooses, for whatever reason, to issue the certificate after the date of sale does not disrupt the scheme contemplated by the Legislature since any foreclosure of the right of redemption action must, and certainly could, comply with the legislative directive. In short, had it intended the two-year period to run from the date of the tax sale, surely the General Assembly could, and would, have said so specifically.

And for the very same reason just stated, there is in this case no "illegal delegation of the General Assembly's legislative authority in violation of Article 8 of the Declaration of Rights of the Maryland Constitution and the Delegation Doctrine established by the Courts." As we have seen, the General Assembly itself prescribed the limitations period when it selected the date of the certificate of sale, rather than, as it could have done, the date of sale, as the trigger for starting the running of the period in which the foreclosure proceedings must be commenced. Determining when that date has occurred does not impact or, as the appellee would have it, undermine, that exercise of discretion. Whether the date of the certificate is determined by when it is signed by the Collector of Taxes and/or when that official's signature is notarized or by some other event is beside the point because the Legislature has already acted to designate the commencement date for the purpose of limitations. Therefore, whatever that determining factor or event, neither it nor the person performing it will have made the critical decision—when to start the running of the period of limitations.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED; CASE REMANDED

TO THAT COURT WITH INSTRUCTIONS TO ENTER JUDGMENT FOR THE APPELLANT; COSTS TO BE PAID BY THE APPELLEE.