Dear Honorable Lynda G. Fox,
You have requested our opinion as to whether a local department of social services may notify a public school superintendent when a school bus driver who is employed by an independent contractor is the subject of a confidential report of child abuse. Specifically, you have asked whether, under Annotated Code of Maryland, Article 88A, § 6(b)(2)(vii), a local department is permitted to disclose information regarding an individual who drives a public school bus, but who is not employed directly by the public school system.
We conclude that Article 88A, § 6(b)(2)(vii) does not permit a local department to disclose confidential information concerning an individual who is not a public school employee, regardless of his or her contact with public school children.
 I Restricted Disclosure of Child Abuse Reports
Article 88A, § 6(b) states that, with limited exceptions, "all records and reports concerning child abuse or neglect are confidential and [that] their unauthorized disclosure is a criminal offense . . . ." This provision specifically protects from disclosure reports and records received or prepared by local departments of social services in their investigation of alleged child abuse or neglect pursuant to Annotated Code of Maryland, Family Law Article ("FL"), § 5-701 et seq.
Section 6(b) contains two sets of exceptions to the strict confidentiality of such records. Section 6(b)(1) requires a local department to disclose child abuse and neglect records and reports if ordered to do so by a court or, under certain circumstances, an administrative law judge. Section 6(b)(2) permits a local department, on request, to make additional disclosures to designated categories of persons where relevant to the purpose of the exception. The specific exception pertaining to your request provides that reports or records concerning child abuse or neglect may be disclosed on request:
 To the appropriate public school superintendent for the purpose of carrying out appropriate personnel actions following a report of suspected child abuse involving a student committed by a public school employee in that school system;
Article 88A, § 6(b)(2)(vii).
The general rule of confidentiality and the exceptions to that rule have also been incorporated in regulations issued by the Department of Human Resources. See COMAR 07.02.07.23. In addition to the statutory exceptions, that regulation permits disclosure when an individual working or volunteering with children waives his or her right to confidentiality by submitting a notarized request permitting disclosure of an "indicated finding" to a third party. COMAR 07.02.07.23G, H. An "indicated finding" means that the department's investigation obtained "credible evidence, which has not been satisfactorily refuted," of abuse or neglect. Annotated Code of Maryland, Family Law Article, § 5-701(m).
As you note in your request, disclosure outside the scope of § 6(b) exposes local department personnel to the criminal penalty set out in § 6(e), as well as to potential civil liability. To clarify the boundaries of § 6(b)(2)(vii), you ask whether this provision would permit disclosure to a school superintendent of records and reports concerning individuals, such as bus drivers, who do not work directly for a school system but who are employed by an individual or company under contract with the school system.
"The cardinal rule of statutory construction is to ascertain and effectuate the intention of the legislature." Degren v. State,352 Md. 400, 417, 722 A.2d 887 (1999) quoting Oaks v. Connors,339 Md. 24, 35, 660 A.2d 423 (1995). The starting point for this analysis is the text of the provision being interpreted. GordonFamily Partnership v. Gar on Jer, 348 Md. 129, 137, 702 A.2d 753
(1997). The context in which a statute was enacted also gives insight into the legislative purpose. See Kaczorowoski v. Mayorand City Council of Baltimore, 309 Md. 505, 514-15, 525 A.2d 628
(1987).
The exception to the general rule of confidentiality in § 6(b)(2)(vii) concerns reports of suspected abuse "by a public school employee." On its face, therefore, this provision does not pertain to bus drivers who are employed by private contractors and are not school system employees. Moreover, this interpretation is consistent with the likely purpose of the 1994 amendment that added § 6(b)(2)(vii), which was to allow a school system to make use of the results of a local department's investigation of child abuse "for the purpose of carrying out appropriate personnel actions" — presumably to remove a potentially dangerous employee from direct contact with children. Chapter 299, Laws of Maryland 1994.[1]
Prior to the adoption of § 6(b)(2)(vii), a 1991 opinion of this Office had spotlighted the inability of a school system to access the results of a child abuse investigation for purposes of taking a personnel action. 76 Opinions of the Attorney General
220 (1991). That opinion discussed the interplay between a local department's investigation of child abuse in a school and the fact-finding needed to support disciplinary proceedings by the school system against a school employee. It cautioned that a personnel investigation must yield to the investigation conducted by law enforcement agencies and a local department of social services. 76 Opinions of the Attorney General at 232. The opinion observed that, although school personnel might be privy to the outcome of an investigation by virtue of their participation on a multidisciplinary team with a local department, the school system would need a court order under Article 88A, § 6(b)(1), to use the results of a local department's investigation at a disciplinary hearing. The opinion suggested an amendment of the statute that would avoid the need to obtain a court order:
 The General Assembly may wish to consider amending Article 88A, § 6 to permit limited disclosure of investigative records in [personnel disciplinary] proceedings under [the Education Article] or to authorize school system officials to obtain interviews conducted by police officers or DSS employees.
76 Opinions of the Attorney General at 234 (citations omitted). It appears that § 6(b)(2)(vii) was designed to fill the need identified in that opinion.
When a statute, such as Article 88A, § 6(b), states a general rule followed by specific exceptions, those exceptions are strictly construed. See Taylor v. Friedman, 344 Md. 572, 581,689 A.2d 59, 63 (1997). Narrowly construing § 6(b)(2)(vii) in accordance with its evident purpose — that is, to aid a superintendent in taking appropriate personnel action — we do not believe that the term "public school employee" encompasses individuals as to whom a superintendent cannot take a "personnel action."
 II School Bus Drivers
Bus drivers who transport public school children may or may not be employees of the school system. County boards of education receive State funds to provide transportation for public school students, and they may use those funds either to contract for driving services or to hire their own drivers. See Annotated Code of Maryland, Education Article ("ED"), § 5-205; COMAR13A.06.07.01B(10) (defining "school vehicle driver" to include both school employees and contractors). While all bus drivers must meet certain minimum State standards, a school system may only take a personnel action against a bus driver whom it employs.
The State Department of Education and the Motor Vehicle Administration ("MVA") are authorized to establish standards for the safe operation of school buses. ED, § 5-205(e); Annotated Code of Maryland, Transportation Article ("TR"), § 25-110. Those standards include minimum qualifications for school bus drivers.[2] See COMAR 11.19.05; 13A.06.07. A local school system may adopt more stringent policies, so long as they do not conflict with federal or State policies. COMAR 13A.06.07.02. In addition, the MVA maintains a roster of all school bus drivers in the State. COMAR 11.19.05.02.
Any school bus driver, regardless of whether the driver works directly for the school system or for a contractor, may become ineligible to operate a school bus, either temporarily or permanently, if he or she is charged, convicted, or placed on probation before judgment for certain criminal offenses. COMAR13A.06.07.05. In particular, a school system may not permit an individual to drive a school bus if there are criminal charges pending against the individual for certain designated offenses, including child abuse or neglect. COMAR 13A.06.07.05A(1). In addition, an individual who has been convicted, or placed on probation before judgment, for child abuse or neglect is permanently disqualified from serving as a school bus driver. COMAR 13A.06.07.05A(2). However, being the subject of a report of child abuse alone does not trigger disqualification under the regulation.
In TR, § 25-110, the Legislature made a distinction between drivers employed by a school system and those working under contract. Violation of MVA safety rules can lead to criminal charges against a school bus driver, and to suspension or revocation of the driver's registration. TR, § 25-110(b)(2). However, only a driver who is an "officer or employee of anyschool or school district" is "subject to removal from office or employment." TR, § 25-110(b)(1) (emphasis added). With regard to bus drivers who work under contract, the law provides that it is the public school employee who entered into a contract with a driver or private employer and failed to demand compliance with the State's requirements, and not the driver, who is subject to dismissal. Id.
Thus, the regulatory structure governing school bus drivers clearly differentiates between those drivers who, as employees of a school system, are subject to both disqualification and disciplinary action, and those working under a contract with the school, who are subject only to disqualification.
 III Conclusion
In our opinion, Article 88A, § 6(b)(2)(vii) does not permit a local department of social services to disclose a confidential report of child abuse or neglect concerning an individual who is not a public school employee, regardless of his or her contact with public school children. The statute thus leaves public school systems without information that might assist them in screening and disciplining all individuals who have contact with public school children. However, this is, with few exceptions,[3] the same predicament faced by all private employers, including private schools, which must rely on public records of arrest and conviction.
If, as you suggest, public school systems increasingly rely on private contractors to perform jobs involving contact with children that were previously performed by school employees, the General Assembly may wish to consider amending § 6(b)(2)(vii) to encompass information concerning private contractors and their employees. However, § 6(b) currently prevents such disclosure. Even without action by the General Assembly, a local school system could include a provision in its contracts with bus drivers, or with companies supplying bus drivers, to require that the school system be notified of an "indicated finding" involving a bus driver.[4]
 J. Joseph Curran, Jr. Attorney General
 Sandra Barnes Assistant Attorney General
 Robert N. McDonald Chief Counsel
Opinions Advice
[1] There is no legislative history on this particular provision, probably because it was added after introduction to House Bill 611, which otherwise amended Annotated Code of Maryland, Article 49D, § 10, to permit public agencies to share information concerning children and families in order to facilitate family-focused services.
[2] All school bus drivers must pass an annual physical exam. COMAR 11.19.05.01. Bus drivers who transport public school children must, among other things, have five years' driving experience, maintain a satisfactory driving record with a maximum of three points, complete a driving evaluation at least once every two years, and pass a drug test. COMAR 13A.06.07.05.
[3] The statute permits disclosure to directors of licensed day care centers or child placement agencies, when an investigation concerns one of their employees. See
Article 88A, § 6(b)(2)(viii).
[4] Such a provision could obligate the contractor to require its drivers to agree that, if a driver were notified by a local department of social services that the department had made an "indicated" finding," the driver would: 1) promptly disclose this information to a designated individual in the school and; 2) if requested by that individual, submit two notarized requests to the local department pursuant to COMAR 07.02.07.23G and H, to have the local department confirm the "indicated" finding and provide a description of the incident directly to the school system.
 *Page 87